UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DARRION O. FOOTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 11 C 50150 |
| SWEDISH AMERICAN HOSPITAL, DENNY ECCLES, MICHAEL J. CASNER, M.D., HEATHER R. FREY, N.P., SCOTT C. FRENCH, M.D., UNITED STATES OF AMERICA, | ) Judge Frederick J. Kapala ) ) Magistrate P. Michael Mahoney ) ) ) |
| Defendants. | ) |

### **DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

NOW COME Defendants, MICHAEL J. CASNER, M.D., SCOTT C. FRENCH, M.D., and HEATHER R. FREY, N.P., by and through their attorneys, HINSHAW & CULBERTSON LLP, and hereby state as follows in support of their Rule 12(b)(6) Motion to Dismiss:

### **INTRODUCTION**

1. Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion setting forth the reasons that a plaintiff has not stated a claim against him upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) (West 2011). In the instant case, the Plaintiff's complaint is not sufficient and should be dismissed because he has failed to attach an affidavit and health professional's report certifying his medical malpractice claim, as required by Section 2-622 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-622(a), *et seq.* (West 2011). The Plaintiff's failure to attach the documents necessary under Illinois law renders his complaint insufficient and requires dismissal of his claims.

2. In addition, the Plaintiff's complaint should be dismissed because it does not satisfy the minimum pleading requirements of Federal Rule of Civil Procedure 8(a). The Plaintiff has not established any probable or plausible theory of the case in which Defendants

MICHAEL J. CASNER, M.D., SCOTT C. FRENCH, M.D., and HEATHER R. FREY, N.P. caused him harm. Instead, he has merely stated a series of events, some of which involved these Defendants, without pleading any facts that render his claim plausible rather than just conceivable. The Plaintiff's complaint is therefore subject to dismissal under Rule 8(a) because it fails to make a short and plain statement of his claim showing that he is entitled to relief.

## FACTUAL BACKGROUND

3. On March 2, 2011, the Plaintiff filed a three-count Complaint against, *inter alia*, Defendants MICHAEL J. CASNER, M.D., SCOTT C. FRENCH, M.D., and HEATHER R. FREY, N.P. In his complaint, the Plaintiff alleges that these Defendants are partially responsible for personal injury he claims to have suffered as a result of an infestation of bed bugs. More specifically, he alleges that these Defendants each failed to provide the Plaintiff with a proper and accurate diagnosis of his condition and thereby failed in their obligation to provide adequate assessment and treatment of his condition. Thus, Plaintiff's complaint places at issue the medical judgment applied by these Defendants and sounds in healing art malpractice.

4. Defendants MICHAEL J. CASNER, M.D., SCOTT C. FRENCH, M.D., and HEATHER R. FREY, N.P. now bring this Motion to Dismiss because the Plaintiff has failed to comply with the requirements for a healing art malpractice complaint set forth in 735 ILCS 5/2-622 and because the Plaintiff has not offered a plausible set of facts to support his cause of action against these Defendants.

## ARGUMENT

I. **THE PLAINTIFFS' COMPLAINT MUST BE DISMISSED BECAUSE HE HAS NOT SATISFIED THE PLEADING REQUIREMENTS OF 735 ILCS 5/2-622**

5. Although Section 2-622 is located in the Illinois Code of Civil Procedure, courts in the Seventh Circuit have treated it as a substantive provision of Illinois law because it is a rule

that is "limited to a particular area of law and motivated by concerns about the potential impact on primary behavior ... of making it too easy for plaintiffs to win a particular type of case." *Bommersbach v. Ruiz*, 461 F.Supp.2d 743, 757 (S.D. Ill. 2006), quoting *Murrey v. United States*, 73 F.3d 1448, 1456 (7th Cir. 1996). Accordingly, a "section 2-622 certificate is required in federal court, just as it is in state court." *Hill*, 582 F.Supp.2d 1041, 1046 (C.D. Ill. 2008) ("Although it has not been explicitly stated, there has been clear language from the Seventh Circuit accepting, without question, that section 2-622 applies to medical malpractice claims filed in federal court in Illinois."); see also *Bommersbach*, 461 F.Supp.2d at 757 ("The Court concludes that the requirements of 735 ILCS 5/6-222 constitute state substantive law for purposes of the Erie doctrine...."); *Maldonado v. Sinai Medical Group, Inc.*, 2008 WL 161671, *4 (N.D. Ill. Jan. 16, 2008).

      6.    Section 2-622 of the Illinois Code of Civil Procedure requires that:

> [I]n a medical negligence case in which a plaintiff seeks to recover damages from injuries sustained due to medical malpractice, that plaintiff must attach a report from a qualified health professional stating that she or he has reviewed the medical records and believes that the plaintiff has a reasonable and meritorious cause to file the action.

*Hill v. C.R. Bard, Inc.*, 582 F.Supp.2d 1041, 1046 (C.D. Ill. 2008), citing 735 ILCS 5/2-622(a)(1) (West 2011). In addition, a medical malpractice plaintiff must attach an affidavit stating that he reasonably believes that the health professional has practiced within the last six years and is qualified in the subject of the case, and that the affiant has concluded on the basis of reviewing said report that there is a reasonable and meritorious cause for his action. 735 ILCS 5/2-622(a)(1). "Under Illinois law, if a plaintiff fails to satisfy the statutory filing requirement, dismissal is mandatory." *Hahn v. Walsh*, 686 F.Supp.829, 831 (C.D. Ill. 2010), citing 735 ILCS 5/2-622(g) (West 2011).

70679368v4 0922946 00082

7. The Plaintiff has not attached the affidavit and report by a health professional to his medical malpractice complaint, as required by Section 2-622. See *Baumann v. Am. Nat'l Red Cross*, 262 F.Supp.2d 965, 967 (C.D. Ill. 2003), citing *Woodard v. Krans*, 234 Ill.App.3d 690 (2nd Dist. 1992) ("where a challenged decision or action by a defendant involves the use of 'medical judgment,' the suit is one for medical malpractice, and section 2-622 applies."). Because he has not met the pleading requirements of Section 2-622, the Plaintiffs' complaint should be dismissed pursuant to 735 ILCS 5/2-622(g).

II. **THE PLAINTIFFS' COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT CONTAIN FACTS SHOWING THAT HE IS ENTITLED TO RELIEF**

8. Federal Rule of Civil Procedure 8(a) requires a plaintiff to set forth in his complaint "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2) (West 2011). Under that Rule, a complaint will not survive a defendant's Rule 12(b)(6) motion to dismiss unless it alleges "enough facts to render the claims facially plausible, not just conceivable." *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2010), citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, "[t]o withstand the defendants' Rule 12(b)(6) challenge after *Iqbal* and *Twombly*, 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together,'" *Davis*, 633 F.3d at 533, quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010), and "[t]he fact that the allegations undergirding a complaint could be true is no longer enough to save it"; instead, "the complaint taken as a whole must establish a nonnegligible probability that the claim is valid...." *Atkins v. City of Chicago*, 631 F.3d 823, 832-33 (7th Cir. 2011) (emphasis added); see also *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"). At bottom, "[i]t is by now well

established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by law." *Swanson*, 614 F.3d at 403, citing *Twombly*, 550 U.S. at 563; see also *Iqbal*, 129 S.Ct. at 1949 (Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

9. The Plaintiff has alleged in his complaint the following facts: (1) he was admitted to the emergency room at Swedish American Hospital on September 24, 2010 (Compl. ¶ 10.); (2) later that same day, he began to experience an itch upon his entire body (Compl. ¶ 12.); (3) after an examination on October 10, 2010, Defendant MICHAEL J. CASNER, M.D., informed Plaintiff that his condition was the result of hives and provided him with prescriptions for Prednisone and Benadryl (Compl. ¶ 18.); (4) after an examination on November 2, 2010, Defendant HEATHER R. FREY, N.P.—who allegedly had consulted with Defendant SCOTT C. FRENCH—informed Plaintiff that his condition was the result of scabies and issued him a prescription for Permethrin cream (Compl. ¶ 20.); (5) on November 30, 2010, Anderson Pest Solutions discovered that Plaintiff's apartment was infected by bed bugs; and (6) as a result of having been bitten by bed bugs, the Plaintiff allegedly has permanent scarring all over his upper and lower torso. (Compl. ¶¶ 27, 30, 34, 36, 38.)

10. While the complaint is unclear as to the exact nature of the Plaintiff's claims, he apparently is bringing negligence actions against Defendants MICHAEL J. CASNER, M.D., SCOTT C. FRENCH, M.D., and HEATHER R. FREY, N.P., based upon the facts outlined above. Specifically, he alleges that these Defendants' violated their "obligation to provide an adequate assessment of the patients condition, … an adequate investigation, [and] appropriate treatment."

70679368v4 0922946 00082

by failing to provide him with a proper diagnosis, and that these violations led to a "physical and mental nightmare."[1] (Compl. ¶¶ 33-38.)

11. The Plaintiff's complaint does not satisfy the minimum pleading requirement set forth in Federal Rule of Civil Procedure 8(a). Boiled down, the complaint merely sets forth a series of events that occurred in the Plaintiff's life, some of which involved Defendants MICHAEL J. CASNER, M.D., SCOTT C. FRENCH, M.D., and HEATHER R. FREY, N.P. but none of which suggest that these Defendant's actions contributed to his alleged injuries. More precisely, the Plaintiff has pleaded no facts regarding these Defendants' examination of him, the symptoms that he presented at the time that he was examined by these Defendants, the ways in which these Defendants failed to provide adequate examination and treatment of his condition, or even what the true nature of his condition was at the time that he was examined by these Defendants (i.e., whether the itchiness that led that these Defendants examined and treated is connected to the bed bugs that were later found in his apartment). In other words, the Plaintiff has simply not pleaded "enough facts to render [his] claims facially plausible" rather than "just conceivable." *Davis*, 633 F.3d at 533. Rule 8(a) requires that the Plaintiff's "complaint taken as a whole must establish a nonnegligible probability that [his] claim is valid," and this the complaint in this case does not do. *Atkins* at 833. On the contrary, the Plaintiff's barebones and conclusory complaint does exactly what the Seventh Circuit says he may <u>not</u>: he has "[put] a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by law." *Swanson*, 614 F.3d at 403. As a result, the

---

[1] In fact, as a result of an apparent error in drafting, the Plaintiff has not pleaded that his injuries are in any way connected to Dr. French's alleged conduct: paragraphs 36 and 38 of the complaint are identical, and each allege that the Plaintiff's injuries resulted from Nurse Frey's conduct. Presumably, the Plaintiff intended to replace Nurse Frey's name with Dr. French's in paragraph 38 of his complaint but failed to do so.

70679368v4 0922946 00082

Plaintiff's complaint is insufficient under Federal Rule of Civil Procedure 8(a). For that reason, the Complaint should be dismissed.

WHEREFORE, Defendants, MICHAEL J. CASNER, M.D., SCOTT C. FRENCH, M.D., and HEATHER R. FREY, N.P., by and through their attorneys, HINSHAW & CULBERTSON LLP, request that this Honorable Court enter an Order granting Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), as well as such additional relief that the Court deems necessary or just.

Dated: August 24, 2011

MICHAEL J. CASNER, M.D., SCOTT C. FRENCH, M.D., incorrectly named herein as SCOTT G. FRENCH, M.D., and HEATHER R. FREY, N.P ,

By: s/Brett A. Strand
One of Their Attorneys

Brett A. Strand
Illinois Attorney No. 6304091
HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
815-490-4900

70679368v4 0922946 00082